IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 3:13-CR-012 |
| | ) | |
| JOSEPH MANNING | ) | |

**MEMORANDUM AND ORDER**

The defendant has moved to suppress statements made at the time of his arrest, and to suppress evidence seized in the execution of three search warrants. On May 30, 2013, United States Magistrate Judge H. Bruce Guyton conducted an evidentiary hearing on those motions. Knoxville Police Department Investigator Jeremy Maupin and United States Postal Inspector Wendy Boles testified. On July 16, 2013, Magistrate Judge Guyton filed a Report and Recommendation ("R&R") in which he recommended that both suppression motions be denied.

The defendant objects to portions of the R&R, and the government has responded to the objections [docs. 140, 145]. A transcript of the suppression hearing has been filed [doc. 111]. That transcript has been carefully reviewed by the court, as has the parties' extensive briefing. For the reasons that follow, the defendant's objections will be overruled and his motions will be denied.

I.

*Relevant Authority*

A district court is both statutorily and constitutionally required to conduct a *de novo* review of a magistrate judge's report and recommendation. *See United States v. Shami*, 754 F.2d 670, 672 (6th Cir. 1985). However, it is necessary only to review "those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b). The district court need not provide *de novo* review where objections to a report and recommendation are frivolous, conclusive, or general. *See Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986).

II.

*Analysis*

The court has conducted a *de novo* review of those portions of the R&R to which the defendant objects.[1] The relevant factual background has been accurately detailed by the magistrate judge in his R&R and need not be repeated herein. Judge Guyton's factual findings and evidentiary summary [doc. 124, p. 2-10] are incorporated herein in full.

A. Search Warrant 3:12-MJ-1150

Regarding search warrant 3:12-MJ-1150, the defendant first repeats his complaint that the photograph attached to Inspector Boles' affidavit shows the drug detection

---

[1] The defendant's objections pertain only to search warrants 3:12-MJ-1150 and 3:13-MJ-1002. He expressly "does not object to the Report and Recommendation with respect to the Magistrate Judge's denial of the Motion to Suppress Search Warrant MJ12-5206 (November 23, 2012) and the Motion to Suppress his Statement made at the time of his arrest." [Doc. 140, p.2 n.1].

2

canine only sitting next to the subject package, with no other boxes in view. "The issue raised by the Defendant is really whether the dog did any type of search at all." [Doc. 140, p.2]. According to the defendant, a photo of a dog sitting next to a box "do[es] not support a finding of probable cause to conduct the search."

The defendant mischaracterizes the photo's role in the probable cause analysis. Among the details in Investigator Boles' affidavit is a paragraph describing the December 6 canine sniff. Within that paragraph is mention of an attached photo showing the drug dog "with a final passive response of sitting down at the subject parcel." That the photograph is focused on the subject parcel rather than the surrounding boxes in no way detracts from the veracity or the probative value of the canine sniff information presented in the affidavit. The defendant acknowledges that the photograph shows exactly what the affidavit purports it to show - the canine "sitting down at the subject parcel."

Next, the defendant objects that Investigator Boles "recklessly" dated the search warrant application November 30 rather than December 6. He argues, "The Defendant should not have to pay the price for the government not taking the time to make sure that everything was correct on the application and the warrant and as a result, this warrant must be suppressed." To the extent that this conclusory objection requires any review at all, this court would note that it does not typically equate typographical errors with "reckless conduct" and sees no reason to do so in this case. Further, the application date was not a necessary component of the probable cause finding. *See Franks v. Del.*, 438 U.S. 154,

3

155-56 (1978) (To be entitled to a *Franks* hearing, the defendant must make a substantial preliminary showing that a false statement was made with reckless disregard for the truth *and* was necessary to the finding of probable cause.).

The defendant next objects that the December 6 warrant is not sufficiently particular because it does not list controlled substances as an item to be seized. The Fourth Amendment requires that warrants must "particularly describ[e] . . . the persons or things to be seized." U.S. Const. amend. IV. "A general order to explore and rummage through a person's belongings is not permitted. The warrant must enable the searcher to reasonably ascertain and identify the things which are authorized to be seized." *United States v. Savoy*, 280 F. App'x 504, 510 (6th Cir. 2008) (citation omitted). "The particularity requirement eliminates the danger of unlimited discretion in the executing officer's determination of what is subject to seizure." *Id.* (citation and quotation omitted).

Judge Guyton correctly concluded that the December 6 warrant provided a specific list of items to be seized: "United States currency, documents, notes, invoices, orders, and records of payments related to illegal drug trafficking." The warrant did not grant unlimited discretion "to explore and rummage" but rather restricted the types of items to be seized. The inadvertent omission of "controlled substances" from the warrant did not make it insufficiently particular.

Lastly, the defendant objects to the conclusion that Inspector Boles properly seized the marijuana pursuant to the plain view doctrine. *See, e.g., United States v. Roark*,

4

36 F.3d 14, 18 (6th Cir. 1994) (citing *Horton v. Cal.*, 496 U.S. 128 (1990)) (warrantless seizure permitted if evidence is in plain view and of a character immediately incriminating, viewed by an officer lawfully located to see the evidence and who has a lawful right of access to it). The defendant objects that "the marijuana was only in plain view after the package was opened." This conclusory objection arguably merits no review under *Mira*. Regardless, Inspector Boles accessed the package pursuant to a valid search warrant, and the defendant does not argue that the marijuana's incriminating character was not readily apparent. As such, the magistrate judge correctly concluded that the marijuana was properly seized pursuant to the plain view doctrine.

B. <u>Search Warrant 3:13-MJ-1002</u>

The defendant's objection regarding search warrant 3:13-MJ-1002 is presented as follows:

> The probable cause for the issuance of this warrant essentially came down to the fact that co-Defendant Lamar Johnson picked up two (2) packages at 1605 Tecumseh Drive and 2458 Brooks Avenue; that those packages had similar handwriting and were addressed to unknown recipients; and that Johnson drove evasively to avoid detection. The Defendant submits these actions are not interrelated and amount to nothing more than coincidence. This kind of speculation does not support probable cause and this warrant must be suppressed.

[Doc. 140, p.5]. The court disagrees.

As detailed by the magistrate judge [doc. 124, p. 23-27], the search warrant application and supporting affidavit contain far more than the defendant contends, including: Inspector Boles' relevant professional experience; the characteristics of the subject package

5

that made it suspicious; the pertinent background of the investigation; codefendant Johnson's actions relating to two other recent suspicious parcels (apparently evasive driving *and* presence at both delivery locations), and Inspector's Boles' identification of Johnson as the person who had mailed the package sought to be searched. Viewed in its totality, the information contained in the affidavit unquestionably provided probable cause.

III.

*Conclusion*

The court has considered Magistrate Judge Guyton's thorough and well-reasoned R&R along with the defendant's objections. The court finds itself in total agreement with the magistrate judge and therefore **ADOPTS** the findings of fact and conclusions of law set forth in the R&R [doc. 124]. It is **ORDERED** that the defendant's motions to suppress [docs. 70, 72] are **DENIED**, and his objections [doc. 140] are **OVERRULED**.

This case remains set for trial on August 27, 2013.

**IT IS SO ORDERED.**

ENTER:

                                          s/ Leon Jordan
                                  United States District Judge